UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: ALAN VERNON CECIL, a/k/a
Allen Cecil, a/k/a Alan Cecil,
*Debtor.*

ALAN VERNON CECIL,
        *Plaintiff-Appellant,*

v.

PAUL-MICHAEL SWEENEY,
        *Defendant-Appellee.*

No. 02-1881

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-01-2318-AW, BK-99-22685)

Argued: April 4, 2003

Decided: April 30, 2003

Before NIEMEYER and SHEDD, Circuit Judges, and
Terry L. WOOTEN, United States District Judge for the
District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Thomas F. DeCaro, Jr., DECARO & HOWELL, P.C.,
Upper Marlboro, Maryland, for Appellant. Paul-Michael Sweeney,

LINOWES & BLOCHER, L.L.P., Silver Spring, Maryland, for Appellee. **ON BRIEF:** Jennifer D. Larkin, LINOWES & BLOCHER, L.L.P., Silver Spring, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Alan V. Cecil, the debtor in this Chapter 7 bankruptcy case, received a workers' compensation award of $24,212.52 during the pendency of the bankruptcy proceeding. While Cecil listed the workers' compensation *claim* as an asset of the estate, the value of which was not yet known, he received the actual award a little over a month later. Cecil did not, however, claim the award as exempt from the estate, as authorized by 11 U.S.C. § 522(b) and Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2), until 17 months after he disclosed the asset and 16 months after he received the award. The bankruptcy court allowed Cecil's exemption, but on the condition that Cecil pay from the award $2,675, representing a portion of the Chapter 7 trustee's expenses incurred during the period of delay in pursuing the award as property of the estate. Cecil appealed the bankruptcy court's ruling, and the district court affirmed. We now too affirm.

Although Cecil's bankruptcy attorney was on medical leave for the last four months before he asserted Cecil's exemption with respect to the workers' compensation award, Cecil provided no justification for his failure to claim the exemption during the first 12 months after he received the award. After careful review of the record and consideration of the parties' arguments, we conclude that the bankruptcy court acted well within its equitable powers in conditioning exemption of the award on a partial payment of the trustee's attorneys fees and costs. *See Arnold v. Gill (In re Arnold)*, 252 BR 778, 789 (B.A.P. 9th Cir. 2000). Cecil's claim of exemption, 16 months after he received

the property, came after the trustee undertook, during the period of delay, reasonable activities in seeking to bring the award into the estate, as he was statutorily obligated to do on behalf of creditors with respect to property not claimed as exempt. Accordingly, we affirm the judgment of the district court.

*AFFIRMED*